IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT J. LLOYD,                        )
                                        )
                  Plaintiff,            )
                                        )
            v.                          )    C.A. No. 22-671 (MN)
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                  Defendant.            )

## MEMORANDUM OPINION

Robert J. Lloyd, Wilmington, Delaware – *Pro Se* Plaintiff

November 16, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Robert J. Lloyd ("Plaintiff" or "Lloyd"), an inmate at Howard R. Young Correctional Institution, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. ("FTCA") (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## I.      BACKGROUND

This case concerns stimulus money payments. Plaintiff sues the United States of America over three submissions for stimulus monies presumably under the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), in the amounts of $1,200, $600, and $1,400, respectively. (D.I. 3 at 1, 2). He alleges the Internal Revenue Service wrongfully deemed the $1,200 as a tax refund, and this permitted the State of Delaware to intercept the money to offset an obligation Plaintiff owed to the Division of Child Support. (*Id.* at 1). Plaintiff never received the $600 payment and alleges that the IRS failed to remit a stimulus check or explain why Plaintiff did not receive the stimulus monies. (*Id.* at 2). Plaintiff received the $1,400 stimulus payment. (*Id.* at 2).

Plaintiff alleges that he is still owed two stimulus checks – one for $600 and one for $1,200 – and wrote to the IRS for an explanation. (*Id.*). The IRS has not responded to Plaintiff. (*Id.* at 3). Plaintiff alleges that because the IRS "has refused to respond", it committed an intentional tort by "deliberately depriving Plaintiff of monies allocated to him by the Congress of the United States of America." (*Id.*). Plaintiff states that he has been deprived of monies in excess of a year and this has caused him "undue emotional duress." (*Id.*).

Plaintiff asks the Court to grant him relief. (*Id.*).

## II.      LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C.

§ 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks

redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect

to prison conditions).  The Court must accept all factual allegations in a complaint as true and take

them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d

224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds

*pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at

94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v.*

*Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989));

*see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is

frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless"

or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell*

*v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal

Rule of Civil Procedure 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under

§ 1915(e)(2)(B)).  Before dismissing a complaint or claims for failure to state a claim upon which

relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

"As a sovereign, the United States is immune from suit unless it consents to be sued." *Sconiers v. United States*, 896 F.3d 595, 597 (3d Cir. 2018) (quoting *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010)).   Plaintiff seeks relief under the FTCA.   The FTCA represents "a limited waiver of th[at] sovereign immunity," *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009), providing that "[t]he United States shall be liable, respecting . . . [certain] tort claims, in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674.; *see also Lins v. United States*, 847 F. App'x 159, 170 (4th Cir. 2021) ("Whether a claim falls within the purview of the FTCA presents an issue of subject matter jurisdiction. . . .").

The FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing 28 U.S.C. § 1346(b)).   "Federal courts have jurisdiction over these claims if they are 'actionable under § 1346(b).'" *Brownback v. King*, __U.S.__, 141 S. Ct. 740, 746 (2021) (quoting *Meyer*, 510 U.S. at 477).   A claim is actionable under § 1346(b) if it is:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)).   Section 1346(b) provides that a prisoner may not "bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of

4

physical injury or the commission of a sexual act. . . ."  28 U.S.C. § 1346(b)(2); *see also West v. United States*,  2017 WL 4269461, at *1 (M.D. Pa. Sept. 26, 2017), *aff'd*, 729 F. App'x 145, 148 (3d Cir. 2018) (Court lacks subject matter jurisdiction over FTCA claim in absence of an allegation of physical injury).

The Complaint does not state a cognizable claim under the FTCA.  It does not allege that circumstances that "the United States, if a private person, would be liable to [Plaintiff] in accordance with the law of the place where the act or omission occurred." *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). The Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive law under the FTCA." *Id*. at 478 (citations omitted) ("[The] law of the State [is] the source of substantive liability under the FTCA.").  Notably, the FTCA does not waive sovereign immunity for claims based solely on alleged violations of federal law.  *Meyer*, 510 U.S. at 478.

Here, Plaintiff does not raise any claims under state law.  Instead, he asserts that the United States has not complied with the provisions of the federal CARES Act.  Because Plaintiff solely seeks to recover for alleged violations of federal law, his claims are not actionable under the FTCA. *See Clark v. United States*, 326 F.3d 911, 914 (7th Cir. 2003) ("[Plaintiff] merely alleges that the IRS violated federal law by failing to promptly issue him a replacement check under 31 U.S.C. § 3343.  An alleged violation of a federal statutory duty cannot form the basis of an FTCA claim."). In addition, Plaintiff does not allege that he suffered a physical injury of any kind.  Consequently, to the extent he seeks to recover damages for mental anguish or emotional distress, his claim is barred by § 1346(b)(2).  Accordingly, this Court concludes that Plaintiff's claims do not fall within the purview of the FTCA and, therefore, this Court lacks subject matter jurisdiction.

## IV.    <u>CONCLUSION</u>

For the reasons stated herein, the Complaint will be dismissed for lack of subject matter jurisdiction.  An appropriate order will be entered.